10-1200-cr
United States v. Persico

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 12th day of May, two thousand ten.

PRESENT: JON O. NEWMAN,
JOHN M. WALKER, JR.
GERARD E. LYNCH,
*Circuit Judges*,

-------------------------------------------------------------------

UNITED STATES OF AMERICA,
                                    *Appellee*,
                    v.                                          No. 10-1200-cr

MICHAEL J. PERSICO,
                                    *Defendant-Appellant*.

-------------------------------------------------------------------

FOR APPELLANT:          Sarita Kedia (Henry Mazurek, on the brief), New York, N.Y.

FOR APPELLEE:           Michael Tremonte, Assistant United States Attorney (Peter Norling and Amy Busa, Assistant United States Attorneys, on the brief) <u>for</u> Benton Campbell, United States Attorney for the Eastern District of New York.

Appeal from the United States District Court for the Eastern District of New York

(Sandra L. Townes, <u>Judge</u>).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND

DECREED that the matter is remanded to the district court with instructions to vacate its detention order and reconsider defendant's bail application.

Michael Persico was arrested on March 9, 2010, and charged with participating in a racketeering conspiracy in violation of 18 U.S.C. § 1962(d), conspiring to and attempting to commit extortion in violation of 18 U.S.C. § 1951(a), and conspiring to commit wire fraud in violation of 18 U.S.C. § 1349. On March 29, 2010, the district court denied his application for release on bail. Persico now appeals that decision. We assume the parties' familiarity with the relevant facts and procedural history of this case, and the issues presented in this appeal.

Persico argues that the district court erred by presuming him to be dangerous pursuant to the Bail Reform Act. We agree, and we conclude that this error requires remand.

The district court began its decision ordering Persico detained by announcing that Persico was subject to a statutory presumption of dangerousness, saying:

> The Bail Reform Act creates a presumption of dangerousness when the case involves a crime of violence and when the violence is related to violent conduct . . . it need not be shown that the defendant personally engaged in violence, nor must the violent conduct be connected to the activity charged in the indictment.

After making this presumption, the court went on to conclude that Persico's release would have endangered the safety of the community because he "has violent men at his disposal who act in accordance with his orders and directions," and because "it is clear to this Court that resort to violence is a resort that occurs and that everyone knows it but it only occurs when Michael Persico says that it's okay to do it."

The court erred in presuming Persico to be dangerous. The Bail Reform Act allows a court to presume dangerousness only if it finds probable cause to believe that the defendant has committed various specific listed offenses. 18 U.S.C. § 3142(e)(3). Persico was not charged with any of the crimes set forth in 18 U.S.C. § 3142(e)(3), and he has never been convicted of a crime of violence. See United States v. Sabhnani, 493 F.3d 63, 75 (2d Cir. 2007) (no presumption of dangerousness applied where the defendant was not charged with a crime listed in § 3142(e)(3)). The government concedes that no presumption applies, but downplays the court's remark about the presumption as a "passing reference." Moreover, the government argues both that the court "appropriately plac[ed] the burden of persuasion squarely on the government" and that the court made its findings in support of detention based on "clear and convincing evidence." But the court's erroneous reference to the presumption cannot be so easily disregarded. The court deployed the presumption at the very outset of its analysis, coloring all its subsequent rulings. Moreover, the court never corrected or disavowed its application of the presumption, and we cannot say that the court's error in presuming dangerousness was harmless.

The government has argued that, regardless of any presumption, Persico should be detained because he had the "ability to order others to use violence," and that despite not being a made member of the Colombo crime family he "controls violence" and "is in a position to turn it off and to turn it on." In support of its argument, the government proferred evidence showing that Persico met several times with high ranking members of the Colombo crime family. It also proffered recorded conversations, including one in which a co-

defendant says he would check with Persico before using violence against a debtor, and another in which a different co-defendant tells someone that when he asked Persico if he should use violence against a debtor, Persico laughed and told him not to do that, but instead to give the debtor a chance to repay a loan, "because this way, now, he can't say nothin' later when we do what we gotta do for our money."

Persico, for his part, argues that the government offered insufficient evidence that he "assumed a leadership role in a criminal organization or that he intentionally placed himself in a position to direct the activities of violent men." He points out that he has no prior criminal history, and that most of the ranking members of the Colombo crime family with whom he met were his blood relatives. Significantly, he also argues that the government offered no evidence that he ordered others to use violence – although the government claims to have recorded about 800 conversations related to this case, none of those conversations capture Persico ordering violence. Indeed, Persico argues that the recordings show that whenever others asked him whether to use violence, he discouraged them. He also cites recordings reflecting that he told his co-defendants to stop threatening debtors with violence, and that the only threats he ever condoned were threats of legal action. Along those lines, he says that his allusion to "what we gotta do" referred to resorting to legal action.

When reviewing the district court's decision to detain Persico, we "will not reverse except for clear error, i.e., unless 'on the entire evidence we are left with the definite and firm conviction that a mistake has been committed.'" Sabhnani, 493 F.3d at 75, quoting United States v. Shakur, 817 F.2d 189, 195 (2d Cir. 1987). Nevertheless, given that Persico has no

4

criminal record, that the government offers no direct evidence of Persico either using violence or directing others to use violence, and that the evidence suggests that Persico used any influence he had in order to discourage violence, the record at best presents a close case as to whether the district court's finding that no conditions of bail could assure the community's safety can be sustained.

But we need not determine whether the instant facts require us to reverse the district court's ruling, despite the deference due its decision. Because the district court clearly erred in applying a presumption of dangerousness, and because the district court might well have released Persico had it not erroneously presumed him dangerous, we remand to permit the district court to reconsider its ruling on the clear understanding that no presumption of dangerousness applies.[1]

For the foregoing reasons, the case is remanded to the district court with instructions to vacate its detention order and reconsider Persico's application for release pending trial.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court

---

[1] Persico argues that the district court also committed two procedural errors: (1) that the district court failed to consider the 18 U.S.C. § 3142(g) factors, and (2) that the court failed to provide "written findings of fact" or a "written statement of the reasons for the detention" as required by the Bail Reform Act. Because we remand to the district court for reconsideration of its decision on separate grounds, it is unnecessary to address those arguments.